MIKE MURPHY, Judge
A Woodruff County Circuit Court jury found Kimberly Lee guilty of trafficking of persons, a Class Y felony, and sentenced her to ten years' imprisonment. Lee appeals her conviction and argues that the evidence was circumstantial and was not sufficient for a finding of guilt beyond a reasonable doubt. We affirm.
On May 4, 2017, a criminal information was filed charging Lee with trafficking of persons involving a minor. The affidavit of probable cause for arrest stated that following a referral to the Arkansas State Police Crimes Against Children Division, an investigation was conducted to look into the allegations by sixteen-year-old K.L. regarding multiple sexual encounters with adults. The affidavit revealed that after extensive interviews with K.L., she disclosed multiple individuals involved in some varying degree with her. Eleven individuals confessed to the conduct alleged by K.L.
*213 A jury trial was held on February 13, 2018. The victim, K.L., testified that starting when she was twelve years old, her grandmother, Lee, would ask her to do things with Lee's friends or just men who showed up at Lee's house. K.L. explained that when she turned fifteen years old, Lee started selling her to more men in exchange for methamphetamine, and Lee would then smoke it with K.L. K.L. testified that on one specific occasion, Lee asked K.L. to have sex with thirty-four-year-old Mike Fikes in exchange for methamphetamine. K.L. testified that Lee told her Lee's husband would kick Lee out of the house if she did not get the drugs. K.L. recalled that she, her friend C.G., and Lee were all at Lee's house when Fikes arrived. Lee and Fikes went into a bedroom and then Lee came out and told K.L. to go into the bedroom with Fikes. K.L. did as she was told and went into the room with Fikes where he told her that he would exchange drugs for two hours with her. K.L. originally told him no "because [she] was in a relationship and [she] ended up doing it anyways." After about thirty minutes, K.L. left the room crying, and she told C.G. what had happened. Soon after, Fikes left, and Lee shared the methamphetamine with K.L.
On cross-examination, Lee introduced and played for the jury two video interviews in which K.L. recounted a different timeline of events. In the interviews, she said the encounter with Fikes was consensual and that she enjoyed spending time at Lee's house. On redirect examination, K.L. explained the events leading up to those interviews. She testified that at the time, she was concerned for her baby sister because she had a fever and was not breathing well, but their mother was on drugs and would not take her sister to the doctor. Consequently, K.L. went to the police station and explained the situation and her concerns about her mother. She explained that all she hoped for that day was that her baby sister would get taken care of; she had no desire to discuss the situation at Lee's house.
Next, C.G. testified and corroborated K.L.'s recollection of events that occurred with Fikes. C.G. explained that she did not hear the conversation between Lee and K.L., but K.L. reacted to the conversation as if "she didn't like it." After that conversation, she confirmed that both K.L. and Fikes were in the bedroom alone. According to C.G., while she never saw or knew about a specific exchange for drugs, it was typical for Lee to not have drugs, a man would come over, and then Lee would have drugs. On cross-examination, Lee introduced the statement C.G. made to investigators: "I don't know about Kim Lee trading [K.L.] for sex but I know they both had sex with Matt Campbell."
After the State rested, Lee moved for directed verdict based on insufficient evidence due to the impeachment testimony presented. The circuit court denied the motion. Lee did not call any witnesses and renewed her directed-verdict motion. The circuit court denied that motion as well, and she was convicted of the crime. She now timely appeals.
A directed-verdict motion is a challenge to the sufficiency of the evidence. Snow v. State , 2018 Ark. App. 612, 568 S.W.3d 290, 293. Our test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. Id. Substantial evidence is evidence that would compel a conclusion one way or the other with reasonable certainty, without relying on mere speculation or conjecture. Id. Circumstantial evidence may constitute substantial evidence to support a conviction if it excludes every other reasonable hypothesis other than the guilt of the accused.
*214 Id. Weighing the evidence, reconciling conflicts in testimony, and assessing credibility are all matters exclusively for the trier of fact. Id.
A person commits the offense of trafficking of persons if he or she knowingly recruits, entices, solicits, isolates, harbors, transports, provides, maintains, or obtains a minor for commercial sexual activity. Ark. Code Ann. § 5-18-103(a)(4) (Supp. 2017). "Commercial sexual activity" means a sexual act or sexually-explicit performance for which anything of value is given, promised, or received, directly or indirectly, by a person. Ark. Code Ann. § 5-18-102(1) (Repl. 2013).
On appeal, Lee asserts that the State's proof that she knowingly recruited, enticed, solicited, or provided K.L. to engage in sexual activity with Fikes in exchange for methamphetamine was circumstantial. To support her argument, Lee questions the credibility and consistency of the witness testimony. She also specifically points to K.L.'s testimony from one of the recorded interviews in which she stated that she felt safe with Lee and that she did not smoke with Lee because they were family. We do not agree.
Based on K.L.'s testimony and C.G.'s testimony, we conclude that there was sufficient evidence that Lee knowingly provided K.L. to Mike Fikes in exchange for methamphetamine. Essentially, Lee is requesting this court to reweigh the evidence, which we will not do. E.g. , Drennan v. State , 2018 Ark. 328, at 6, 559 S.W.3d 262, 266. We will disregard testimony that the fact-finder has found credible only if it is so inherently improbable, physically impossible, or so clearly unbelievable that reasonable minds could not differ about it. Hillman v. State , 2019 Ark. App. 89, 569 S.W.3d 372, 375-76. Such is not the case here.
In reviewing this sufficiency challenge, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. Id. The jury was free to weigh inconsistencies and resolve questions of conflicting testimony. Id. Under this standard of appellate review, we hold that there is substantial evidence to support the jury's verdict that Lee was guilty of human trafficking. Accordingly, we affirm.
Affirmed.
Harrison and Whiteaker, JJ., agree.