Cite as 2019 Ark. App. 343

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CR-18-605

| | |
|---|---|
| LATOSHA DEANN LEE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** August 28, 2019<br><br>APPEAL FROM THE WOODRUFF COUNTY CIRCUIT COURT<br>[NO. 74CR-17-50]<br><br>HONORABLE RICHARD L. PROCTOR, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

In May 2017, the State charged Latosha Deann Lee with one count of trafficking of persons. In February 2018, a Woodruff County Circuit Court jury convicted Lee, and she was sentenced to ten years' imprisonment in the Arkansas Department of Correction. Lee challenges the sufficiency of the State's evidence against her. We affirm the conviction and related sentence.

### I. *Facts*

In 2016, Lee's fifteen-year-old daughter K.L. met thirty-seven-year-old B.J. Gaddis online after he commented that she was pretty on Facebook. In June 2016, K.L. snuck out of her mother's house to meet Gaddis in person in McCrory, Arkansas. K.L. initially told her mother that she was babysitting Gaddis's children. But in July 2016 when Lee discovered that Gaddis and K.L. were having sex, Lee forbade her daughter from seeing Gaddis—going so far as to nail K.L.'s bedroom door shut.

Notwithstanding these efforts, Gaddis and K.L. continued seeing each other; K.L. claimed love for Gaddis. After K.L. threatened to hurt herself, Lee relented and permitted K.L. to see Gaddis if they met in the front of the house and K.L.'s little sister was with them. K.L. was not permitted to be alone with Gaddis.

K.L. said that, in an attempt to get around Lee's constraints, Gaddis "offered my mom meth in exchange for me for two hours." K.L. and Lee met Gaddis at a cemetery outside town. K.L. said that Gaddis handed her a small baggie of methamphetamine, which she in turn gave to her mother. K.L. and her mother returned home, and K.L. watched her younger sister for fifteen to twenty minutes. Gaddis then picked up K.L. and took her to his house, where they had sex. K.L. returned home very late that night and said that Lee was crying. According to K.L., Lee was upset because Brandon (K.L.'s stepfather) had been yelling at her, telling her that it was "not right" that she had exchanged K.L. for meth. To make her mother feel better, K.L. said that she had not had sex with Gaddis when, in fact, she had.

Lee did not testify during the trial, but her inculpatory statement to Arkansas State Police special officer Randall Murphy was read to the jury without objection. In her statement, Lee said,

> I know she was sexually active with B.J. [Gaddis] but did not approve so I would only let them sit in his car in my yard. Once while I was already high on meth, B.J. Gaddis had [K.L.] tell me that he would give me a boat with meth if I would send [K.L.] with him for two hours. I said I would. B.J. Gaddis gave [K.L.] a bag with less than a quarter gram of meth in it. [K.L.] brought the meth in to me and I let her go with him. I knew he probably wanted to have sex with her but she later told me they just talked.

Lee moved for a directed verdict at the close of the State's case and renewed that motion at the close of all the evidence. In those motions she argued that she lacked knowledge that there was going to be any commercial sexual activity; at most she was acquiescing in letting K.L. leave with a man that she was already sneaking around with. Lee also argued that there was no evidence that she recruited, enticed, solicited, isolated, transported, provided, maintained, or obtained the minor (her daughter K.L.) for commercial acts of sexual activity.

Lee raises the same arguments on appeal, contending that the case should not have been submitted to the jury for decision. A directed-verdict motion is a challenge to the sufficiency of the evidence. *Lee v. State*, 2019 Ark. App. 184, at 3, 574 S.W.3d 211, 213. Our test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence that would compel a conclusion one way or the other with reasonable certainty, without relying on mere speculation or conjecture. *Id.* Circumstantial evidence may constitute substantial evidence to support a conviction if it excludes every other reasonable hypothesis other than the guilt of the accused. *Id.* Weighing the evidence, reconciling conflicts in testimony, and assessing credibility are all matters exclusively for the trier of fact. *Id.*

## II. *Trafficking of Persons*

Lee was convicted under Arkansas Code Annotated section 5-18-103 (Supp. 2017). It provides,

> (a) A person commits the offense of trafficking of persons if he or she knowingly:
> . . . .

(4) Recruits, entices, solicits, isolates, harbors, transports, provides, maintains, or obtains a minor for commercial sexual activity;

. . . .

(2) Trafficking of persons is a Class Y felony if a victim was a minor at the time of the offense.

"Commercial sexual activity" means a sexual act or sexually explicit performance for which anything of value is given, promised, or received, directly or indirectly, by a person. Ark. Code Ann. § 5-18-102(1) (Repl. 2013). The word "provides" is not defined under the statute.

A person acts knowingly under the criminal code with respect to:

(A) The person's conduct or the attendant circumstances when he or she is aware that his or her conduct is of that nature or that the attendant circumstances exist; or

(B) A result of the person's conduct when he or she is aware that it is practically certain that his or her conduct will cause the result;

Ark. Code Ann. § 5-2-202(2) (Repl. 2013).

### III. *Discussion*

Lee argues that there was insufficient evidence that she "provided" K.L. to Gaddis; she contends that she merely acquiesced to her daughter's babysitting for Gaddis. She also argues that there was insufficient evidence that she knowingly provided her daughter for commercial sexual activity because she did not know that Gaddis and K.L. would have sex. We reject these arguments.

Here, the State presented substantial evidence to support the jury's verdict. The jury, for example, was permitted to determine whether to believe Lee's story that she did not allow her daughter to go with Gaddis for sex in exchange for drugs but for the purpose of

4

babysitting. While there was evidence that K.L. lied to her mother and told her that she was babysitting Gaddis's children, there was also evidence that Lee knew that Gaddis wanted to have sex with her daughter. Lee had forbidden K.L. to spend any time alone with Gaddis but relented when Gaddis offered her meth in exchange for time alone with K.L. The jury did not have to speculate to conclude that Lee "provided" K.L. within the meaning of the statute when she drove her to the cemetery and permitted Gaddis to take K.L. to his house in exchange for something of value to Lee: methamphetamine.

Similarly, the jury did not have to speculate that Lee did so knowingly. The State presented sufficient evidence that allowed the jury to infer that Lee knew that a thirty-seven-year-old man wanted time alone with her teenage daughter, that he probably wanted to have sex, and that he had offered illegal drugs in exchange for the opportunity. The attendant circumstances were such that the jury did not have to speculate that Lee acted knowingly when she made the agreement with Gaddis to exchange meth for K.L. The jury heard evidence that Lee cried intensely in response to Brandon's rebuke when K.L. returned home. The jury could reasonably infer that Lee's emotional response was evidence of a guilty conscience and that Lee meant to cause K.L., a minor, to engage in commercial sex acts. *See United States v. Wearing*, 865 F.3d 553 (7th Cir.), *cert. denied*, 138 S. Ct. 522 (2017) (upholding conviction under similar federal law).

IV. *Conclusion*

Substantial evidence supports Lee's conviction for human trafficking. Therefore, the conviction and related sentence are affirmed.

Affirmed.

VIRDEN and KLAPPENBACH, JJ., agree.

*James Law Firm*, by: *Michael Kiel Kaiser* and *William O. "Bill" James, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.